**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
REGINALD DALCIME,

                    Plaintiff,

          -against-

NASSAU COUNTY SHERIFF'S DEPARTMENT,
ANTHONY LA ROCCO, Sheriff of Nassau County,
UNKNOWN FOOD SERVICE DIRECTOR N.C.C.C.,

                    Defendants.
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
24-CV-07254 (OEM) (SIL)

ORELIA E. MERCHANT, United States District Judge:

Pro se Plaintiff Reginald Dalcime ("Plaintiff"), currently incarcerated at the Nassau County Correctional Center ("NCCC"), brings the instant federal action under 42 U.S.C. § 1983.  Before the Court is Plaintiff's motion to proceed *in forma pauperis*.  Motion for Leave to Proceed In Forma Pauperis ("IFP Mot."), ECF 2.  For the following reasons, Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted.  However, Plaintiff's claim is dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915A.  Plaintiff is granted 30 days from the date of this Order to file an amended complaint.

## BACKGROUND

Plaintiff alleges that, on September 7, 2024, at approximately 11:00 a.m., he received a food tray prepared by the food service director, an unnamed defendant, or his subordinates for his lunch meal.  Complaint ("Compl."), ECF 1.  According to Plaintiff, while eating his lunch, he began to choke on a rock and spat blood.  *Id.*  Plaintiff alleges that the rock, which was contained in his mashed potatoes, scraped his throat, caused him to bleed in his throat and to have difficulty breathing.  *Id.* at 4.  He asserts that he notified security and was sent to emergency sick call, where he received medical treatment.  *Id.*  Plaintiff alleges that he had a sore throat, light headedness,

difficulty swallowing, and speech hinderance.  *Id.*  Plaintiff alleges that he was seen by medical clergy several times, who prescribed him medication.  *Id.*

Plaintiff further alleges that, on September 8, 2024, he was seen by the medical staff and was placed on ensure supplemental drinks for "the damage done to [his] throat."  *Id.* at 9.  Plaintiff continued to have difficulty swallowing and speaking and was administered medication.  *Id.*  Plaintiff alleges that he suffered from a long term "mental strain" and had difficulty informing his family of the incident.  *Id.* at 9-10.

Plaintiff seeks $250,000 in damages.  *Id.* at 5.

## LEGAL STANDARD

The Court may authorize a prisoner to file a civil suit without prepaying the filing fee.  28 U.S.C. § 1915(a).  Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity."  28 U.S.C. § 1915A.  The Court is required to *sua sponte* dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Iqbal* 556 U.S. at 678.  It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by

attorneys, and the Court is required to read Plaintiff's pro *se* complaint liberally and interpret it, raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

## DISCUSSION

### A.    Plaintiff's Section 1983 Claims

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of N.Y.* 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).

All prisoners and detainees have constitutionally protected rights to not be subject to inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment and applies to state detainees through the Due Process Clause of the Fourteenth Amendment. To state an unconstitutional condition-of-confinement claim under either the Eighth or Fourteenth Amendment, a plaintiff must plead sufficient facts to satisfy the objective and subjective components, respectively: (1) that the plaintiff suffered a constitutional deprivation that was "objectively, sufficiently serious," and (2) that the defendant acted with a "sufficiently culpable

state of mind."[1]  *Farmer*, 511 U.S. at 834 (quotation marks omitted); *see also Tutora v. Aramark Corr. Servs.*, 17-CV-9170, 2022 WL 2237567, at *8 (S.D.N.Y. June 22, 2022).

Plaintiff has not alleged plausible facts to state a claim for violation of his rights under either the Eighth or Fourteenth Amendments.  Indeed, courts have found that allegations that a prisoner was served food contaminated or "tainted" by foreign objects, e.g., rocks, glass, human waste, soap, metal pins, staples, etc., are sufficient to plead a constitutional violation. *See, e.g., Robles v. Coughlin*, 725 F.3d 12, 16 (2d Cir. 1983); *Varricchio v. Cnty. of Nassau,* 702 F. Supp. 2d 40, 56 (E.D.N.Y. 2010) (plaintiff alleged that two metal objects were found in his stomach that resulted in blood in stool). *But see Roundtree v. City of N.Y.*, 15-CV-8198, 2018 WL 1586473, at *8 (S.D.N.Y. Mar. 28, 2018) (a single incident of contaminated food does not rise to the level of a substantive due process violation).  Plaintiff alleges that he choked on a rock found in his meal and was injured by it.  This can be characterized as a "sufficiently serious" prison condition to satisfy the first element of an unconstitutional condition-of-confinement claim.

However, Plaintiff has not alleged facts to satisfy the second element: that Defendant acted with a sufficiently culpable state of mind.  To do so, Plaintiff must allege facts to support an inference that prison officials acted with "more than mere negligence," such as "deliberate indifference to inmate health or safety," or that "they knew, or should have known" of the risks that rocks or foreign objects would end up in Plaintiff's food or would cause injury to Plaintiff. The complaint only alleges that his food tray was "prepared by the food service director . . . or his subordinates," *see* Compl. at 4; it does not contain any other facts as to the culpable state of mind of these individuals.  Therefore, the complaint fails to satisfy the subjective component necessary to state a claim under *Farmer*.  *See Lewis v. Westchester Cnty.*, 18-CV-04086 (NSR), 2020 WL

---

[1] Plaintiff has not alleged whether he is a pretrial detainee or a person convicted of a crime.

4

5535374, at *5 (S.D.N.Y. Sept. 14, 2020) (subjective prong not satisfied and claim dismissed where complaint "[wa]s void of any facts to support a finding or suggestion [defendants] acted with malicious or deliberate intent); *see Ballard v. Lane,* 18-CV-1721, 2019 WL 1129158, at *2 (S.D.N.Y. Mar. 12, 2019) (same); *Warren v. City of New York*, 18-CV-4410, 2020 WL 353772, at *3 (S.D.N.Y. Jan. 21, 2020) (plaintiff's claim that his food contained rat poison fails the objective and subjective prong of the Fourteenth Amendment). Further, "in order to establish a defendant's individual liability in a suit brought under § 1983," Plaintiff must show that a prison official had "personal involvement in the alleged constitutional deprivation." *See Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). To establish personal involvement, a plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676); *Hall v. Suffolk Cnty*., 23-CV-4606, 2023 WL 4747395, at *3 (E.D.N.Y. July 25, 2023). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."); *Fredricks v. Renze*, 22-CV-7274, 2023 WL 1869042, at *3 (S.D.N.Y. Feb. 6, 2023).

Consequently, Plaintiff's claim is dismissed for failure to state a claim upon which relief may be granted.

### B.    Leave to Amend

In light of Plaintiff's pro se status, the Court grants Plaintiff 30 days from the date of this memorandum and order to file an amended complaint. Plaintiff is advised that, should he elect to file an amended complaint, he must plead sufficient facts to allege a violation of his constitutional

or federal rights and comply with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff's amended complaint should state whether he is a pre-trial detainee or if he has been convicted of a crime. Plaintiff must name as proper defendants those individuals who have some personal involvement in the action he alleges in the amended complaint.[2] *See Iqbal,* 556 U.S. at 676 (holding that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution"). For each defendant named, the statement of facts should include a brief description of what each defendant did or failed to do, how those acts or omissions caused Plaintiff's injury, and the date and location of each event. If Plaintiff does not know the names of the individuals, he may identify each of them as John Doe or Jane Doe, along with their title and place of employment. Plaintiff should plead plausible facts to support a claim that the conditions at NCCC were sufficiently serious and that Defendants acted with deliberate indifference.

Plaintiff's amended complaint must be labeled as an "amended complaint," bear the same docket number as this Order, and must be filed within thirty (30) days from the date of this Order. Plaintiff is advised that an amended complaint completely replaces the original, so he must include all allegations he wishes to pursue against a defendant in the amended complaint. If Plaintiff does not file an amended complaint within the time allowed, or show good cause why he cannot, judgment shall be entered, and this case shall be closed.

## CONCLUSION

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, is dismissed. *See* 28 U.S.C. § 1915A(b)(1). Plaintiff is afforded an opportunity to amend his complaint in accordance with this

---

[2] Plaintiff is informed that the Nassau County Sherriff's Department is not an entity that can be sued as it does not have a separate legal identity apart from Nassau County. *See Duchnowski v. Armor Correctional Health, Inc.,* 17-CV-6214, 2023 WL 2390544, at fn.1 (E.D.N.Y. Mar. 7, 2023) (noting that the Nassau County Sheriff's Department is an administrative arm of Nassau County, without a separate legal identity).

Order.  If Plaintiff fails to file an amended complaint within thirty (30) days from the date of this Order, judgment shall be entered, and this case shall be closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status, is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/
ORELIA E. MERCHANT
United States District Judge

February 16, 2025
Brooklyn, New York